IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| EILEEN GEARY, f/k/a EILEEN STONE,<br><br>    Plaintiff,<br><br>    v.<br><br>WMC MORTGAGE CORPORATION, a General Electric Company, f/k/a WEYERHAEUSER MORTGAGE CO., et al.,<br><br>    Defendants. | CIVIL ACTION FILE<br>NO. 1:05-CV-631-TWT |

OPINION AND ORDER

This is an action seeking relief under the Fair Debt Collection Practices Act. It is before the Court on Defendant WMC Mortgage Corporation's Motion to Dismiss [Doc.17], Defendant Bank of America's Motion to Dismiss [Doc. 25], and Defendant FV-1, Inc.'s Motion to Dismiss [Doc. 40]. For the reasons set forth below, the Defendants' motions are GRANTED.

I. BACKGROUND

On July 8, 1999, Plaintiff Eileen Geary granted a Security Deed to real property located in Snellville, Georgia (the "Property") to Defendant WMC Mortgage

Corporation ("WMC"). The deed was conveyed to secure a loan in the principal amount of $108,500.00. The Plaintiff alleges that WMC made two assignments of the loan: first to EquiCredit Corporation in February of 2000, and later to NationsCredit Home Equity Services Corporation ("NationsCredit") in April of 2000. (Compl. ¶¶ 9-11.) She further alleges that in June of 2002, Wilshire Credit Corporation, an authorized agent for Morgan Stanley Dean Witter Mortgage Capital, Inc. ("Morgan Stanley"), executed an Assignment of Security Deed from NationsCredit to Morgan Stanley and Defendant FV-1, Inc. (Id. ¶ 12.) However, the Plaintiff contends that this assignment did not actually occur. Instead, she alleges that NationsCredit assigned the loan to Fairbanks Capital Corporation. (Id. ¶ 13.) Although the Plaintiff ceased making loan payments in March of 2000, she does not allege that the loan had been paid in full at that time. (Id. ¶ 15.) The Plaintiff filed this suit against WMC, the original lender; each successive assignee or servicer of the loan, and McCurdy & Candler, the law firm that foreclosed on the Property. She asserts that she was harmed by the foreclosure proceedings initiated by Wilshire Credit, FV-1, and McCurdy & Candler and seeks damages in connection with the wrongful foreclosure. (Id. ¶¶ 28, 32-33.) Alternatively, she seeks the Deed to the Property. In addition, the Plaintiff asserts a claim against McCurdy & Candler for defamation and violation of

the Fair Debt Collection Practices Act. (Id. ¶¶ 22, 34.) WMC, Bank of America, and FV-1 move to dismiss the Plaintiff's Complaint.

## II.  MOTION TO DISMISS STANDARD

A complaint should be dismissed under Rule 12(b)(6) only where it appears beyond doubt that no set of facts could support the plaintiff's claims for relief. Fed. R. Civ. P. 12(b)(6); see Conley v. Gibson, 355 U.S. 41, 47 (1957); Linder v. Portocarrero, 963 F.2d 332 (11th Cir. 1992). In ruling on a motion to dismiss, the court must accept the facts pleaded in the complaint as true and construe them in the light most favorable to the plaintiff. See Quality Foods de Centro America, S.A. v. Latin American Agribusiness Dev. Corp., S.A., 711 F.2d 989, 994-95 (11th Cir. 1983). Generally, notice pleading is all that is required for a valid complaint. See Lombard's, Inc. v. Prince Mfg., Inc., 753 F.2d 974, 975 (11th Cir. 1985), cert. denied, 474 U.S. 1082 (1986). Under notice pleading, the plaintiff need only give the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. Id.

## III.  DISCUSSION

### A.   WMC Mortgage Corporation

The Plaintiff alleges that "WMC Mortgage has harmed the Plaintiff by selling her loan to two different companies." (Compl. ¶ 29.) The Plaintiff does not allege that WMC played a role in the foreclosure, nor does she appear to assert her Fair Debt

Collection Practices Act claim against WMC. Rather, the only action alleged in support of her claim is the fact that WMC, as the originating lender, assigned its security interest in the Property to EquiCredit and then later to NationsCredit. (Compl. ¶¶ 10-11.) The Plaintiff has not alleged any cognizable cause of action based merely on the assignment of a loan. Moreover, the exhibits to the Plaintiff's Complaint belie the assertion that WMC assigned the loan twice. For example, a letter from WMC to the Plaintiff explained that "NationsCredit and EquiCredit are related companies" and that "WMC did not sell the same loan twice." (Compl., Ex. G.) However, even if the loan was assigned twice, the Plaintiff fails to allege any harm that resulted from the error. The Plaintiff does not allege any facts to support her claim against WMC. Thus, WMC Mortgage's motion to dismiss is granted.

B. Bank of America

The Plaintiff alleges that "Bank of America has harmed the Plaintiff by accepting the loan first as EquiCredit and then again as NationsCredit." (Compl. ¶ 30.) Like WMC, Bank of America was not involved in the foreclosure. In fact, Bank of America had no direct involvement with the Plaintiff's loan. Bank of America's only apparent connection to this action is as the parent company of EquiCredit and

NationsCredit.[1]  However, under Georgia law, a parent corporation is distinct from and maintains a separate identity from its subsidiary.  See Worsham v. Provident Cos., Inc., 249 F. Supp. 2d 1325, 1340-41 (N.D. Ga. 2002); Reeves v. Mohawk Factoring, Inc., 261 Ga. App. 629 (2003).  In order to hold a parent corporation liable for the acts or omissions of a subsidiary, a plaintiff must "pierce the corporate veil" by presenting evidence that the corporate form has been abused.  Baillie Lumber Co. v. Thompson, 279 Ga. 288, 289-90 (2005).  To prove that the corporate form has been abused, a "[p]laintiff must show that the defendant disregarded the separateness of legal entities by commingling on an interchangeable or joint basis or confusing the otherwise separate properties, records or control." Id. at 290.  Piercing the corporate veil is permitted only when it is necessary to remedy "injustices which arise where a party has over extended his privilege in the use of a corporate entity in order to defeat justice, perpetuate a fraud or to evade contractual or tort responsibility."  Id. (quoting Heyde v. Xtraman, 199 Ga. App. 303, 306 (1991)).  The Plaintiff has not alleged that Bank of America abused the corporate form, nor has she asserted any facts that would justify piercing the corporate veil.  Accordingly, dismissal of any claims against Bank of America is warranted.

---

[1] The Plaintiff did not name EquiCredit or NationsCredit as defendants. However, Defendant FV-1 filed a third-party complaint against NationsCredit.

C.   FV-1, Inc.

FV-1 previously filed a dispossessory action against the Plaintiff in the Superior Court of Gwinnett County, Georgia, seeking possession of the Property. The parties reached an agreement through mediation to settle all issues involved in that suit. The Plaintiff signed a handwritten draft of the agreement prepared by the mediator, but she refused to execute the subsequent formal settlement documents. However, on May 25, 2005, the Superior Court granted FV-1's motion to enforce the settlement agreement. (Def.'s Mot. to Dismiss, Ex. A.) The terms of the settlement agreement are set forth in the Superior Court's order[2] and provide, in pertinent part, that:

> [Plaintiff] hereby releases and forever discharges [FV-1] of and from any and all claims, demands, causes of action, obligations, damages and liabilities of any nature whatsoever, in law or in equity, whether or not now known, suspected or claimed, that [the Plaintiff] ever had, have claimed to have, now have or may hereafter have or claim to have against [FV-1] by reason of any matter, cause, thing, act or omission of [FV-1] occurring on or before the date of this Agreement.

(Id.) The Plaintiff's claims against FV-1 in this action are based on the foreclosure at issue in the Superior Court action. These actions clearly occurred before the date of the settlement agreement. Therefore, because the Plaintiff released and discharged

---

[2]The Court may take judicial notice of a public record when considering a 12(b)(6) motion, without converting the motion to one for summary judgment. Davis v. Williams Commc'ns, Inc., 258 F. Supp. 2d 1348, 1352 (N.D. Ga. 2003) (citing Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1279-80 (11th Cir. 1999)).

these claims under the terms of the settlement agreement, dismissal of the claims against FV-1 is appropriate.

## IV.  CONCLUSION

For the reasons set forth above, Defendant WMC Mortgage Corporation's Motion to Dismiss [Doc. 17] is GRANTED, Defendant Bank of America's Motion to Dismiss [Doc. 25] is GRANTED, and Defendant FV-1, Inc.'s Motion to Dismiss [Doc. 40] is GRANTED.

SO ORDERED, this 12 day of October, 2005.


/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge