IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

EILEEN GEARY, f/k/a EILEEN
STONE,

    Plaintiff,

      v.

WMC MORTGAGE
CORPORATION, a General Electric
Company, f/k/a WEYERHAEUSER
MORTGAGE CO., et al.,

    Defendants.

CIVIL ACTION FILE
NO. 1:05-CV-631-TWT

## OPINION AND ORDER

This is an action seeking relief under the Fair Debt Collection Practices Act. It is before the Court on Defendants Wilshire Credit Corporation and McCurdy & Candler, L.L.C.'s Motion for Summary Judgment [Doc. 71] and the Plaintiff's Motion to Dismiss Without Prejudice [Doc. 74]. For the reasons set forth below, the Plaintiff's Motion is GRANTED and the Defendants' motion is DENIED as moot.

## I. BACKGROUND

On July 8, 1999, the Plaintiff, Eileen Geary, granted a Security Deed to real property located in Snellville, Georgia ("the Property") to Defendant WMC Mortgage Corporation ("WMC"). The deed was conveyed to secure a loan in the principal

amount of $108,500.00.  The Plaintiff has alleged that WMC made two assignments of the loan: first to EquiCredit Corporation in February 2000, and later to NationsCredit Home Equity Services Corporation ("NationsCredit") in April 2000. (Compl., ¶¶ 9-11.)  She has further alleged that in June 2002, Wilshire Credit Corporation, an authorized agent for Morgan Stanley Dean Witter Mortgage Capital, Inc. ("Morgan Stanley"), executed an Assignment of Security Deed from NationsCredit to Morgan Stanley and Defendant FV-1, Inc. (Id., ¶ 12.) However, the Plaintiff contends that this assignment did not actually occur.  Instead, she alleges that NationsCredit assigned the loan to Fairbanks Capital Corporation.  (Id., ¶ 13.)  The Plaintiff ceased making loan payments in March 2000, and the property was foreclosed upon.  (Id., ¶ 15.)

On March 7, 2005, the Plaintiff filed this lawsuit against WMC, the original lender; each successive assignee or servicer of the loan; and McCurdy & Candler, the law firm that foreclosed on the Property.  On October 12, 2005, this Court dismissed Defendants WMC, Bank of America, and FV-1 from the suit.  Through her remaining claims, the Plaintiff contends that she was harmed by the foreclosure proceedings initiated by Wilshire Credit and McCurdy & Candler and seeks damages in connection with this allegedly wrongful foreclosure.  (Id., ¶¶ 28, 32-33.)  Alternatively, she seeks the Deed to the Property.  In addition, the Plaintiff asserts a claim against McCurdy

& Candler for defamation and violation of the Fair Debt Collection Practices Act.

(Id., ¶¶ 22, 34.)  The Defendants have now moved for summary judgment.

## II.  DISCUSSION

The Plaintiff now attempts to voluntarily dismiss her remaining claims without prejudice.  However, because the Defendants have answered the Plaintiff's complaint and filed a motion for summary judgment, this claim may be voluntarily dismissed only upon order of the Court.  Fed. R. Civ. P. 41(a)(2).  The Court enjoys broad discretion in deciding whether to grant such a request.  Pontenberg v. Boston Scientific Corp., 252 F.3d 1253, 1255-56 (11th Cir. 2001).

> The crucial question to be determined is: Would the defendant lose any substantial right by the dismissal.  In exercising its broad equitable discretion under Rule 41(a)(2), the district court must weigh the relevant equities and do justice between the parties in each case, imposing such costs and attaching such conditions to the dismissal as are deemed appropriate.

Id. (Citations and punctuation omitted).  The mere attempt to avoid summary judgment in and of itself does not constitute plain legal prejudice, particularly where there is no evidence of bad faith.  Id. at 1258 (citing McCants v. Ford Motor Co., Inc., 781 F.2d 855 (11th Cir.1986)).  The Court finds that because the Defendants will not suffer any significant prejudice other than the prospect of a second lawsuit, dismissal without prejudice is appropriate here.  However, the Court grants the Plaintiff's motion only upon the condition that she pay the Defendants' attorney's fees

reasonably incurred in defending this lawsuit if she later refiles these claims against these Defendants.

### III.  <u>CONCLUSION</u>

For the reasons set forth above, the Plaintiff's Motion to Dismiss Without Prejudice [Doc. 74] is GRANTED, and the Defendants' Motion for Summary Judgment [Doc. 71] is DENIED as moot.

SO ORDERED, this 30 day of August, 2006.


/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge